**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| REUBEN MADRIGAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-4164-JTM |
| | ) | |
| INGREDIENT RESTAURANT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court upon Plaintiff's Motion to Reconsider (ECF No. 13). For the following reasons, the Court denies Plaintiff's Motion.

### I.    Background

On December 13, 2012, Plaintiff Reuben Madrigal filed a civil complaint in which he asserted claims of discrimination and harassment based on his disability and national origin. On December 14, 2012, the Court granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 but denied Plaintiff's Motion to Appoint Counsel.[1] Plaintiff subsequently filed a Motion to Reconsider, asking the Court to reconsider its Order denying Plaintiff's Motion to Appoint Counsel.

### II.    Discussion

The Federal Rules of Civil Procedure do not provide for motions for reconsideration.[2] Nonetheless, the District of Kansas has promulgated a local rule, D. Kan. Rule 7.3(b), to address reconsideration of non-dispositive orders. Pursuant to D. Kan. Rule 7.3(b), a "motion to

---

[1] Order, ECF No. 5; Order, ECF No. 6.

[2] *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied,* 506 U.S. 828 (1992)).

reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[3] "A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercise of due diligence."[4] Whether to grant or deny a motion for reconsideration is within the court's discretion.[5] As explained by Magistrate Judge David J. Waxse,

> It is well settled that a motion to reconsider is not a second chance for the losing party to ask the court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally. Nor is a motion to reconsider to be used as a second chance when a party has failed to present it[s] strongest case in the first instance. Improper use of motions to reconsider can waste judicial resources and obstruct the efficient administration of justice.[6]

Plaintiff's Motion to Reconsider does not argue an intervening change in controlling law or the need to correct clear error or prevent manifest injustice. Rather, Plaintiff tries to present additional evidence to persuade the Court to appoint counsel in this civil matter. Plaintiff argues his ability to communicate with the court is credited to the assistance by a lay advocate who can no longer assist Plaintiff. In addition, Plaintiff argues he lacks education and familiarity with the legal process and cannot afford an attorney. Plaintiff, however, does not argue this evidence was previously unavailable through the exercise of due diligence. On the contrary, Plaintiff asks the court to consider new arguments and supporting facts that could have been presented in his original motion. Based on the foregoing, the Court finds that Plaintiff's Motion fails to show that

---

[3] D. Kan. Rule 7.3(b).

[4] *Meister v. Kansas City*, No. 09-2544-EFM, 2009 WL 3711963, at * 1 (D. Kan. Nov. 5, 2009) (citing *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981); *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

[5] *Steinert v. Winn Grp., Inc.*, No. Civ. A. 98-2564-CM, 2003 WL 23484638, at * 2 (D. Kan. Sept. 24, 2003).

[6] *Campbell-Marshall v. JC Penny Co., Inc.*, No. 08-2320-CM-DJW, 2008 WL 4540465, at * 2 (D. Kan. Oct. 8, 2008) (footnotes, quotation marks, and citations omitted).

the newly presented evidence was unavailable when Plaintiff filed its Motion to Appoint Counsel and, therefore, does not meet the Rule 7.3(b)(2) standard of newly available evidence. Therefore, because Plaintiff's Motion fails to be based on any Rule 7.3(b) grounds, the Court hereby denies Plaintiff's Motion to Reconsider (ECF No. 13).

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider (ECF No. 13) is hereby denied.

**IT IS SO ORDERED.**

Dated this 15th day of January, 2013, at Topeka, Kansas.


_s/_ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge